UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TIMOTHY CATES, HOWARD POOLE, FRED CARRASCO, and DUSTIN MONICK, <br>    *Petitioners*, <br><br> v. <br><br> R. ADAMSON, ROBERT T. GREENE, ANGELA DUKATE, F.B.O.P., and WARDEN PULLEN, <br>    *Respondents*. | ) ) ) ) ) ) ) ) ) ) ) ) ) | 3:22-CV-1401 (SVN) <br><br><br><br><br> February 3, 2023 |

### ORDER DENYING PETITIONER CARRASCO'S MOTION TO PROCEED *IN FORMA PAUPERIS*

Petitioner Fred Carrasco moves the Court for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this habeas corpus action—that is, he seeks to proceed without prepaying the $5.00 filing fee required under 28 U.S.C. § 1914. For the reasons set forth below, Petitioner Carrasco's motion to proceed *in forma pauperis* is denied.

It is well settled that the decision to allow a litigant to proceed *in forma pauperis* in civil cases is committed to the sound discretion of the district court. *See Rahimi v. Sec'y of Navy*, No. 3:19-CV-01852 (JAM), 2019 WL 6529458, at *2 (D. Conn. Dec. 4, 2019). In exercising this discretion, the court must determine whether the burden of paying the fees for filing and service would either hamper the litigant's ability to obtain the necessities of life or force him to abandon the action. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948); *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam). The *in forma pauperis* statute contemplates that, in making this determination, courts will examine "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

Petitioner Carrasco filed this action on November 4, 2022. He moved to proceed *in forma pauperis* on December 29, 2022, and submitted a copy of his inmate trust account statement on January 27, 2023. ECF No. 18. The inmate trust account statement shows that on January 22, 2023, he had a spendable balance of $1.59. ECF No. 18 at 2. The statement also shows, however, that, in the three months before filing this action, Petitioner Carrasco received deposits of approximately $700.00. *Id.* at 2–3. Additionally, during the months since he filed this action, he has received deposits to his inmate account totaling more than $485.00. *See id.*

"All litigants must make decisions about how to spend their money when they are contemplating litigation." *Clark v. Pappoosha*, No. 3:21-CV-1690 (CSH), 2022 WL 960296, at *1 (D. Conn. Mar. 30, 2022) (quoting *Brown v. Ruiz*, No. 3:20-cv-1202 (KAD), 2020 WL 6395480, at *1 (D. Conn. Nov. 2, 2020)). "If every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the *in forma pauperis* review would be a waste of time and effort." *Brown*, 2020 WL 6395480, at *1 (italicization added) (quoting *Briand v. Florida*, No. 4:06cv104-WS, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006)); *see also Vann v. Comm'r of N.Y.C. Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012) (summary order) ("Section 1915(e)(2)(A) serves the purpose of preventing abuse of the judicial system by 'weed[ing] out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth.'" (alteration in original) (quoting *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam)).

"When considering a prisoner's affidavit of indigence, the district court may inquire whether, if a prisoner has no cash credit at the moment of filing, he had disabled himself by a recent drawing on his account and if so, for what purposes." *Hinton v. Pearson*, No. 3:21-cv-863

2

(MPS), 2021 WL 3036921, at *2 (D. Conn. July 19, 2021) (cleaned up).  Courts have denied leave to proceed *in forma pauperis* where inmates had sufficient funds but chose to use the funds for other purposes before filing their complaints.  *See, e.g.*, *Martin v. United States*, 317 F. App'x 869, 870–71 (11th Cir. 2008) (per curiam) (affirming denial of *in forma pauperis* application where district court found that prisoner had received $1,818.00 in deposits in the preceding six months but "chose to spend those funds on matters other than this litigation"); *Clark*, 2022 WL 960296, at *2 (denying motion for leave to proceed *in forma pauperis* where plaintiff "received a total of $1,645.00 in deposits during a six-month period prior to filing [the] action" and "made numerous personal withdrawals"); *Brown*, 2020 WL 6395480, at *1–2 (noting, in vacating grant of motion to proceed *in forma pauperis*, that plaintiff had received deposits in excess of $3,000.00 in the seven months before filing action but spent or sent funds out of facility to qualify for *in forma pauperis* status before filing complaint).

The filing fee to commence a habeas corpus action is $5.00.  Petitioner Carrasco had sufficient funds to pay the filing fee at many times before and after the petition was filed but chose to spend the funds on other things.

Accordingly, Petitioner Carrasco's motion to proceed *in forma pauperis*, **ECF No. 11**, is **DENIED**.  The petition will be deemed received by the Court on November 4, 2022, so long as the filing fee is submitted within the time allotted by this order.  Accordingly, all further proceedings in this matter with respect to Petitioner Carrasco shall be held in abeyance until **March 6, 2023**, pending Petitioner Carrasco's delivery of the filing fee in the amount of $5.00 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915

Lafayette Blvd., Bridgeport, Connecticut 06604.  Failure to tender the filing fee within thirty days of this order will result in the dismissal of this action as to Petitioner Carrasco.

**SO ORDERED** at Hartford, Connecticut, this 3rd day of February, 2023.

                                           _/s/ Sarala V. Nagala_
                                           SARALA V. NAGALA
                                           UNITED STATES DISTRICT JUDGE